**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                             **Criminal Action No. 2:00cr22**

**RONNIE C. JOHNSON,**

        **Petitioner.**

## <u>ORDER and OPINION</u>

This matter comes before the court on the petitioner's motion entitled "'As a Matter of Law' And Pursuant to Fed, R, Civil Proc, 60(b) Petitioner Now Moves To Stay a Federal Judgment For Reconsideration Of Its Earlier Order," [sic] filed subject to defect on February 17, 2005.[1]  The court construes this motion as a motion for reconsideration of this court's prior order of February 3, 2005, which dismissed the petitioner's motion pursuant to 28 U.S.C. § 1651 after concluding that the section 1651 motion was, in reality, a request for successive collateral relief that had not been authorized by the Court of Appeals.  The court finds, upon review of the instant motion, that the petitioner has presented no legitimate grounds for reconsideration of the court's prior order of February 3, 2005.  Accordingly, the instant motion is **DENIED**.

### I. Background

The procedural history of the petitioner's conviction, direct appeal, and prior post-conviction endeavors is fully set forth in the court's order of February 3, 2005, and need not be

---

[1]This motion has been filed subject to defect because no certificate of service has been provided showing that this motion was sent to the government.  As the court disposes of this motion in this Order, the court will order that the motion be filed and that a copy be sent to the government along with this Order.

reiterated herein.  As is relevant to the instant motion, on January 27, 2005, the petitioner filed a

motion entitled "Pursuant to Titles 28 U.S.C. 1651 And 28 U.S.C. 1331 Petitioner Questions

This Federal Courts Jurisdictional Authority Over the Subject Matter In The Indictment As

Returned."  In this prior motion, the petitioner relied on the recent Supreme Court decisions of

Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738

(2005), in arguing that he was sentenced for conduct that was not charged in a grand jury

indictment.  Specifically, the petitioner claimed that this court lacked jurisdiction to sentence him

based on drug quantities other than those alleged in the indictment.

Although the petitioner relied on 28 U.S.C. §§ 1331 and 1651, the court determined in its

February 3, 2005 order that section 2255 was the proper vehicle through which the petitioner

should have pursued his claims as it is the designated means for a federal prisoner to make a

collateral attack on his conviction or sentence.  Accordingly, the court construed the petitioner's

motion as one pursuant to section 2255.  See United States v. Winestock, 340 F.3d 200, 203 (4th

Cir. 2003).  As the petitioner had not obtained authorization from the Court of Appeals to file a

successive motion under section 2255, the court determined that it lacked jurisdiction over the

motion and dismissed it.  See 28 U.S.C. § 2244(b)(3)(A); Winestock, 340 F.3d at 207.

## II. Discussion

In the instant motion, the petitioner claims that the court's construing of his January 27,

2005 motion as one pursuant to section 2255 is not at issue.  Rather, the petitioner claims that the

court erred in finding that it could not consider a successive section 2255 motion absent

authorization from the Court of Appeals because the January 27, 2005 motion lodged a

jurisdictional issue to which the bar against successive section 2255 motions does not apply.

The petitioner relies on Federal Rule of Civil Procedure 60(b) in proceeding on the instant motion.  Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on a number of reasons, including mistake, newly discovered evidence,  fraud, etc.  See Fed. R. Civ. P. 60(b).  The "'rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal.'" Bradley v. United States, 51 F. Supp. 2d 696, 697 (W.D.N.C. 1999) (quoting Freschi v. Grand Coal Venture, 103 F.R.D. 606, 608 (S.D.N.Y. 1984)).  Relief under Rule 60(b) is an extraordinary remedy and should only be invoked upon a showing of exceptional circumstances. See Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990); Design Classics, Inc. v. Westphal, 788 F.2d 1384, 1386 (8th Cir. 1986).

A motion for relief from judgment based on Rule 60(b) must be premised on one or more of the rule's six enumerated grounds for relief from judgment.  See Fed. R. Civ. P. 60(b); Bradley, 51 F. Supp. 2d at 698.  The petitioner argues that the court committed legal error in determining that it could not consider his January 27, 2005 motion.  Rule 60(b), however, does not authorize a motion merely for reconsideration of a legal issue.  Bradley, 51 F. Supp. 2d at 698 (citing CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 400 (4th Cir. 1995)).  Thus, the petitioner is not entitled to any relief pursuant to Rule 60(b).

The petitioner's request that the court reexamine the legal grounds behind its order is more properly considered under the rubric of Federal Rule of Civil Procedure 59(e), which permits for a motion to alter or amend judgment.  At the outset, Rule 59 motions requesting reconsideration are disfavored.  The grounds for granting such a motion are limited: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available earlier; or (3) to correct a clear error of law or prevent manifest injustice.  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion and such a motion should not be used to rehash the same arguments and facts previously presented.  Id.; Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  Rather, "[t]he purpose of a Rule 59(e) motion is to 'allow the court to reevaluate the basis for its decision.'"  Rouse v. Nielsen, 851 F. Supp. at 734 (D.S.C. 1994) (quoting Keyes, 766 F. Supp. at 280).

The court finds that, even under Rule 59(e), the petitioner has not established a basis for reconsideration.  The petitioner advances no arguments beyond those already examined and disposed of by the court in its prior order of February 3, 2005.  The court is restricted by operation of 28 U.S.C. § 2244(b)(3)(A) from entertaining any successive section 2255 motion that has not been authorized by the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).

In keeping with the policy behind Rule 59(e) that allows the court to reevaluate the basis for its decision, however, the court has reviewed its order of February 3, 2005 and considered the petitioner's challenge to it.  The petitioner claims that questions of jurisdiction are not subject to the bar against successive section 2255 filings.  The petitioner makes clear, however, that he is not challenging the jurisdiction of the court over the subject matter of his case.  Rather, the petitioner challenges the jurisdiction of the court to sentence him based on drug weights that were not contained in a grand jury indictment.  This is not a challenge to the original jurisdiction of the court over the charges raised against him in the indictment, but a challenge to the court's authority to impose a sentence against him.  Such a challenge is explicitly within the purview of a section 2255 motion.  See 28 U.S.C. § 2255 (noting that petitioner may move for relief based on

claim that "court was without jurisdiction to impose such sentence").  The petitioner identifies no authority that would remove this type of challenge from the restriction against successive section 2255 filings contained in section 2244(b)(3)(A).  Accordingly, as the instant motion does not argue than an intervening change in the law has occurred, that new evidence has come to light, or that any meritorious grounds show that reversal of the court's February 3, 2005, order is necessary to correct a clear error of law or prevent manifest injustice, the court must deny the petitioner's motion. See Hutchinson, 994 F.2d at 1081.

### III. Conclusion

For these reasons, as well as those stated in the court's order of February 3, 2005, the court **DENIES** the petitioner's motion requesting consideration of the court's prior order.  The petitioner is **ADVISED**, that he may appeal the denial of this motion by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days of the date of this Order.

The Clerk is **DIRECTED** to file the petitioner's February 17, 2005 motion and to mail a copy of this motion to the United States Attorney as directed herein.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED**.

_____
/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 13th, 2005

5